IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. BAKER, JR., | ) |
| | ) |
| | )    2:19-CV-00113-CCW |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF WASHINGTON PENNSYLVANIA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel more complete discovery responses. ECF No. 58. After reviewing the pleadings, Plaintiff's Motion is granted in part and denied in part.

### I.  Background

Plaintiff is a firefighter for the City of Washington, Pennsylvania. Third Am. Compl., ECF No. 49, at ¶ 9. In November 2018, Plaintiff and another City firefighter were involved in an incident. *Id*. at ¶ 10;  Br. in Opp. to Mot. to Compel., ECF No. 60, at 1. Plaintiff alleged that the other firefighter "attempted to provoke [Plaintiff] into a verbal altercation. Third Am. Compl., ECF No. 49, at ¶ 10. Plaintiff advised the Fire Chief that Plaintiff believed there was a lack of discipline and morale within the department and "the issues present in the workplace were affecting his physical and mental health." *Id*. at ¶¶ 12–13.

Shortly after the incident, the City put Plaintiff on administrative leave. *Id*. at ¶ 19;  Br. in Opp. to Mot. to Compel, ECF 60, at 3. According to the City, "[o]ne reason [Plaintiff] was placed on Administrative Leave was so that any anger issue he was facing could be addressed and that he

1

could be evaluated by [the City's Employee Assistance Program.]" Br. in Opp. to Mot. to Compel., ECF No. 60, at 3.

Plaintiff suffered from mental health concerns and applied for leave under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615, so he could get treatment for his condition. Third Am. Compl., ECF No. 49, ¶¶ 28–31, 35. The City denied Plaintiff's FMLA request. *Id.* at ¶¶ 40–41.

There is no dispute that, generally, the City's communications with its Solicitors are subject to the attorney–client privilege. Similarly, it is undisputed that the City intentionally waived attorney–client privilege as to its decision to deny Plaintiff's FMLA by raising the defense that the City relied on the advice of its Solicitors with respect to Plaintiff's FMLA request. *See generally,* Br. in Opp. to Mot. to Compel, ECF No. 60.

In discovery, the City of Washington withheld a series of communications between City officials and its Solicitors that are responsive to Plaintiff's discovery requests, which the City contends are protected from disclosure by the attorney–client privilege. *See generally*, Br. in Opp. to Mot. to Compel, ECF No. 60. The City argues that the withheld communications that predate Plaintiff's FMLA request or post-date the denial are outside the scope of their waiver of privilege. *See e.g., id.* at 8, 10. The City also claims that certain withheld documents do not relate to the FMLA request and, therefore, are outside the scope of waiver. *See e.g., id.* at 10. The City claims that some of the withheld documents are "not 'of substance,' because they do not meaningfully contribute to or detract from any of the claims or defenses before the Court in this litigation. Rather, the very purpose of the communication was to keep the solicitor apprised of ongoing events so that the solicitor could advise the City. The emails are therefore privileged." *Id.* at 9–10.

Defendant provided the Court with privilege logs describing the withheld documents pursuant to the Court's Order dated December 2, 2020. ECF No. 55. Defendant also provided the Court with copies of the withheld documents. Email from Elizabeth F. Collura, to Wiegand_Chambers@pawd.uscourts.gov (Dec. 3, 2020, 9:12 EST) (on file with the Court). The Court conducted *in camera* review of the withheld documents that Plaintiff sought to compel.

## II. Legal Standard

The attorney–client privilege protects the following from disclosure: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007).

"[W]hen one party intentionally discloses privileged material with the aim, in whole or in part, of furthering that party's case, the party waives its attorney–client privilege with respect to the subject-matter of the disclosed communications." *Murray v. Gemplus Int'l*, 217 F.R.D. 362, 367 (E.D. Pa. 2003); *Doe v. Luzerne Cty.*, Civil Action No. 3:04-cv-1637, 2008 U.S. Dist. LEXIS 134086, at *15–16 (M.D. Pa. Aug. 12, 2008); *Katz v. A.T.&T. Corp.*, 1941 F.R.D. 433, 439 (E.D. Pa. 2000) (holding that, as a general rule, voluntarily disclosed privileged attorney–client privileged communication "waives the privilege as to all other communications on the same subject."); *see also* Fed. R. Evid. 502. "It would be fundamentally unfair to allow a party to disclose opinions which supports its opposition and simultaneously conceal those that are unfavorable or adverse to its position." *Katz*, 191 F.R.D. at 439; *Doe v. Luzerne Cty.*, 2008 U.S. Dist. LEXIS 134086, at *17.

"There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures." *Fort James Corp. v.*

3

*Solo Cup. Co.*, 412 F.3d 1340, 1349–50 (Fed. Cir. 2005) (citing *In re Keeper of the Records XYZ Corp*, 348 F.3d 16, 23 (1st Cir. 2003) and *Eco Mfg., LLC v. Honeywell Int'l, Inc.*, No. 1:03-cv-0170, 2003 U.S. Dist. LEXIS 7257, at *5 (S.D. Ind. Apr. 11, 2003));  *see also Shukh v. Seagate Tech., LLC*, 848 F.Supp.2d 987, 992–93 (D. Minn. 2011).  District courts have broad discretion over discovery disputes.  *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995);  *see also*, *Greene v. Horry Cnty.*, 650 Fed. Appx. 98, 100 (3d Cir. 2016);  *Hetzel v. Health*, Civil Action No. 19-336, 2020 U.S. Dist. LEXIS 230748, at *2 (W.D. Pa. Apr. 9, 2020) (Nora Barry Fischer, J.).

### III.   Application

It is undisputed that the City waived attorney-client privilege as to its decision to deny Plaintiff's FMLA request by raising the defense that the City relied on the advice of its Solicitors with respect to Plaintiff's FMLA request.  *See generally,* Br. in Opp. to Mot. to Compel, ECF No. 60.  Because that waiver was voluntary, the City waived its attorney–client privilege with respect to the subject matter of the City's denial of Plaintiff's FMLA request.  The Court conducted *in camera* review of each of the withheld documents subject to Plaintiff's Motion to Compel to determine whether the communications fall within the subject matter of Defendant's waiver, considering the circumstances surrounding the disclosure, the nature of the advice sought, and the prejudice to the parties in prohibiting or permitting disclosure.

As to privilege log documents 57, 58, 134, 135, 136, 294, 295, and 296 those documents are communications between City officials and the City's Solicitor that speak to the City's understanding as to whether Plaintiff qualifies for FMLA and seek to arrange a time to speak with the Solicitor regarding wither Plaintiff qualifies for FMLA.  The City put its decision to deny

4

Plaintiff's FMLA at issue and intentionally waived privilege. These documents fall inside the scope of that waiver and must be produced.

Documents 137, 138, 139, 363, and 364 contain discussions between City officials and its Solicitor suggesting that Plaintiff go on sick leave. These communications occurred prior to Plaintiff's FMLA request and contain discussion by City officials with the Solicitors regarding how to address the Plaintiff's need for treatment. These documents pre-date Plaintiff's FMLA request but fall within the subject matter of the denial of that request because the communications relate to the City's advice regarding the need for Plaintiff to obtain mental health treatment. These documents fall inside the scope of the Defendant's waiver and must be produced.

Documents 59, 143, 144, 145, 332, 333, and 334 contain communication from Chief Coleman to the City's Solicitor, in which Chief Coleman appears to question the accuracy of Plaintiff's doctors' and clinicians' assessments of Plaintiff and discusses an interpretation of Plaintiff's diagnosis. The thread was forwarded to the City's Solicitor, Steve Toprani, who stated, in response that the lawyers would then review "the FMLA/ADA issues today and respond" to Plaintiff's most recent letter. These documents seek the City's Solicitor's advice regarding the City's conduct with respect to Plaintiff's FMLA request. The fact that these communications occurred after the City denied Plaintiff's FMLA request does not obviate the need to produce them because the communications speak on the subject matter of the denial and clearly address the fact that Plaintiff is continuing to pursue FMLA leave or challenge the denial. These documents fall within the scope of the waiver and must be produced.

Documents 12, 62, 64, 153, 154, 155, 160, 161, 288, 289, 290, 319, 329, 330, 331, 336, 348, 349, 350, 351, 352, and 380 are communications between the City and its Solicitor that seek

legal advice regarding a matter that is not Plaintiff's FMLA request and therefore these communications are not within the scope of Defendant's wavier and do not need to be produced.

Documents 162 and 163 are communications between the City and its Solicitors that seek legal advice. Nothing in the e-mail suggests that the communication speaks to the City's denial of Plaintiff's FMLA request. As such, it does not fall within the waiver and does not need to be produced.

Documents 164, 165, and 381 are communications between the City and its Solicitors that provide the Solicitors with information in order for the Solicitors to provide advice regarding a matter that is not significantly related to the City's denial of Plaintiff's FMLA request; accordingly, these communications do not fall within the scope of waiver, and do not need to be produced.

Document 335 is a communication between Chief Coleman, other City officials, and the City's Solicitors that provides information regarding a matter that is not regarding the City's decision to deny Plaintiff's FMLA request. Therefore, it does not fall within the scope of wavier and does not need to be produced.

Documents 166, 167, and 168 are communications between City officials and the City Solicitor containing legal advice regarding a matter other than the City's denial of Plaintiff's FMLA request. Therefore, it does not fall within the scope of waiver and does not need to be produced.

Document 285 is a communication from Chief Coleman to other City officials and the City Solicitor providing information related to an ongoing request for legal advice that is regarding a matter other than the City's denial of Plaintiff's FMLA request. This communication does not need to be produced.

Documents 112, 113, 114, 317, and 318 contain communications between City officials and its Solicitor containing communication coordinating legal advice from the Solicitor on a matter other than the City's denial of Plaintiff's FMLA request. These documents do not need to be produced as they are not within the scope of the waiver.

Document 384 is a communication between Chief Coleman, other City officials, and the Solicitor informing the Solicitor of facts necessary to render legal advice that pertains to issues other than the City's denial of Plaintiff's FMLA request. The City need not produce this document.

### IV. Conclusion

For the foregoing reasons, it is HEREBY ORDERED that Defendants are to produce withheld documents consistent with this opinion on or before December 30, 2020.

DATED this 23rd day of December 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record